Louise Belair, et. al.
vs. Eq. No. 7315
Albert T. Guay

### February 20, 1928.

TANNER, P. J. This is a bill in equity brought to secure the cancellation of a mortgage for the amount of $1,280 given by the complainants to the respondent.

The bill alleges that the respondent fraudulently represented to the complainants that it was necessary to sign the mortgage in order to pay off cer-

tain other obligations due by the complainants, and appearing of record in said        , and that the complainants signed said mortgage without being told the amount of the same and without an opportunity to read or examine the note and mortgage, and on the further representation that there was a small balance due by complainants on another obligation.

The respondent Guay assisted the complainants to prevent the foreclosure of a mortgage on their property and also assisted them to secure a bank loan to discharge two other mortgages on said property. The respondent Guay also took a mortgage for $675 from the complainants, partly to provide money to pay off said mortgages and partly in payment for services in connection with said transaction.

At the conclusion of the proceedings to clear off the mortgages, the respondent took a mortgage from the complainants for $1,280, which is the subject of the bill.

The complainants claim that the respondent owes them a considerable sum of money and that there is nothing due upon the $1,280 mortgage.

We find that there were no fraudulent circumstances in connection with the execution of the mortgage, but we think that the bill can be sustained for actual fraud simply in connection with the erroneous statement by respondent Guay that the amount of $1,280 was due. The burden, however, is upon the complainants, they having signed the mortgage without any fraud in the execution thereof, to prove, by a fair preponderance of the evidence, the justice of their claims. As neither party has any memorandum to sustain the greater part of their claims, we feel that we are not justified in allowing the complainants' claims, which are disputed by the respondent, where there is no corroboration of the complainants' testimony.

We therefore disallow the complainants' claim of having paid $270 borrowed on the Morris Plan and their claim to have paid the whole of the $675 mortgage.

We do allow the respondent's claim that he received:

$100 cash at the time of taking up the Valliere mortgage,

One-half of the $675 mortgage, amounting to $337.50,

What the Belairs claim to have paid after giving the $1,280 mortgage, $345,

The proceeds of the Franklin mortgage, $1,709,

Amounting to $2,491.50.

What Guay claims to have advanced:

| | |
|---|---:|
| On Valliere mortgage | $400 |
| 2 years' taxes | $100 |
| Repairs | $140 |
| Farrington mortgage and interest | $1030 |
| Le Francois mortgage and interest | $800 |
| Amounting to | $2470 |

In addition to what Guay claims to have advanced, we allow him $100 for services in connection with the various transactions. This brings the amount to $2,570.

We therefore think that the complainants are entitled to cancellation of the mortgage upon the payment of $78.50.

Respondent claims that the relief can not be granted upon the claim of this bill, which is for cancellation purely and not for redemption. We think, however, that under the prayer for general relief in equity practice we can treat the bill as one for redemption and will allow the redemption upon the payment of the sum just stated.

For complainants: Archambault & Lambert.

For respondent: J. Earle Brown and Huddy & Moulton.